**CIRCUIT COURT OF THE CITY OF RICHMOND**

Randall E. Dotson

v.

St. John's Hospital, Inc.

October 11, 1990

Case No. LS-2157

By JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's motion to transfer venue. At issue is whether the cause of action, or any part thereof, arose in the City of Richmond, the parties having stipulated that this is a "Category B" or permissible venue case under Va. Code § 8.01-262, and plaintiff having conceded that no provision of Section 8.01-262, other than the "cause of action" provision, Section 8.01-262(4), applies.[1]

The motion for judgment alleges the following facts: Defendant St. John's Hospital provides medical services, therapy, and counseling related to the treatment of alcoholism and chemical dependencies. In June, 1988, plaintiff was admitted to St. John's for such treatment. At the time of his admission, St. John's staff informed plaintiff that his admission would be held in strict confidence, and specifically told plaintiff that plaintiff's employer

---

[1] Section 8.01-262(4) states that venue is permissible "[w]herein the cause of action, or any part thereof, arose.

would not be informed of plaintiff's admission and/or treatment. Notwithstanding these assurances, two of St. John's employees informed plaintiff's employer of plaintiff's status as a patient, thus causing plaintiff to suffer shame, humiliation, and emotional distress, as well as the loss of his job. Plaintiff seeks compensatory and punitive damages for these injuries.

At a hearing on defendant's motion to transfer held October 3, 1990, counsel for the parties stipulated that if any breach of confidentiality occurred, it occurred during a telephone conversation between St. John's employees and plaintiff's employer, St. John's employees being physically located at St. John's in Goochland County, and plaintiff's employer being physically located in Richmond. Thus, the question is whether the fact that the party receiving the "breaching" information is located in Richmond means that the cause of action, or a part thereof, arose in Richmond. I believe that it does.

Surprisingly, neither counsel nor the court have been able to locate any case from Virginia or elsewhere on point. With telephonic and other electronic communication being what it is, one would think that this question would have been raised before. The court believes, however, that the answer is simply a matter of common sense.

As pleaded and stipulated, plaintiff's complaint is that defendant's employees breached defendant's promise of confidentiality by communicating to plaintiff's employer the fact of plaintiff's admission to, and/or treatment in, St. John's. It is elementary that communication involves two elements: transmission and receipt. Messages transmitted but not received are utterly useless; messages cannot be received unless transmitted. Without both elements, there is no communication.

Applying this basic, common-sense truism to the case at bar, it is obvious that no breach could have occurred if St. John's employees were speaking into a telephone with no one at the other end. It only occurred if someone was at the other end to listen; that is, to receive the "breaching" communication. In this case, it was received in Richmond. Since it is the communication which constitutes plaintiff's cause of action, and since one of the two essential parts of that communication, the receipt, occurred in Richmond, at least "a part" of

the cause of action arose here. Accordingly, venue properly lies in the City of Richmond, and defendant's motion to transfer will be denied.[2]

[2] See also Hackney v. Commonwealth, 186 Va. 888, 45 S.E.2d 241 (1947), which, although addressing venue in the context of criminal libel only, seems perfectly logical and relevant in cases such as the one at bar as well: "Criminal libel is composed of two elements. One if the writing of the prohibited words and the other is the publication of the writing. The crime is committed not where the words are formulated but where they are heard or read by third persons. The mere writing of the words is not a crime, hence the completion of the offense depends upon the conditions existing at the place where the writing is received." 186 Va. at 891.